UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

    Plaintiff,

v.   CAUSE NO. 3:20-CV-850-DRL-MGG

RON NEAL *et al.*,

    Defendants.

## OPINION & ORDER

Dwayne Doolin, a prisoner without a lawyer, filed a complaint (ECF 1) naming Ron Neal, Robert C. Carter, Jr., Gwendolyn Horth, Zachery Schultz, Ms. Anton, Ms. St. Martin, and Mr. Huston as defendants. Mr. Doolin alleges that, on April 24, 2019, his parole agent, Zachery Schultz, filed a report to the parole board requesting a warrant. The parole agent's report was based on an anonymous tip indicating that Mr. Doolin had been involved in a traffic stop and found in possession of illegal contraband on April 22, 2019. The next day, Mr. Doolin was charged with possession of methamphetamine and a firearm under cause number 67D01-1904-F3-387. Mr. Doolin asserts that the parole board and Mr. Schultz violated his right to due process by requesting a warrant when probable cause was lacking. According to Mr. Doolin, there was no probable cause until the criminal charges were brought. Mr. Doolin also asserts that his due process rights were violated by Ron Neal, Robert Carter, and members of the Indiana State Prison Disciplinary Hearing Board because he was subjected to sanctions for violations of the code of conduct for adult offenders when he does not believe he should not be subject to

the code of conduct because he is incarcerated due to a parole hold and is not yet serving a sentence.

"Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). The claims that Mr. Doolin is bringing against his parole agent, Zachery Schultz, and the chairman of the parole board, Gwendolyn Horth, do not appear to have any relationship whatsoever to his claims against Warden Neal, Commissioner Carter, or the members of the disciplinary hearing board. Therefore, Mr. Doolin must file an amended complaint containing only related claims. *See Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). To do so, he needs to put this cause number on a blank complaint form Pro Se 14 (INND Rev. 2/20), available at the prison's law library, and include only the facts about the related claims in that complaint. If he wants to also sue other defendants based on other claims, he needs to get a different blank complaint form. He should not put a cause number on the second (or third, etc.) complaint form because it (or they) will be used to open a new case (or cases).

Mr. Doolin is admonished that, should he choose to file another complaint, he should carefully follow the instructions on the court's complaint form. Mr. Doolin needs to write a short and plain statement telling what each defendant did wrong. He needs to explain when, where, why, and how each defendant violated his rights. He needs to include every fact necessary to explain his case and describe his injuries or damages. He needs to use each defendant's name every time he refers to that defendant. And, Mr.

2

Doolin should note that there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Finally, Mr. Doolin filed this complaint without paying the filing fee or submitting an *in forma pauperis* petition accompanied by his trust fund ledgers for the past six months, as required by 28 U.S.C. § 1915(a)(2). If Mr. Doolin intends to proceed *in forma pauperis*, the form he needs is available in the prison law library: Prisoner Motion to Proceed In Forma Pauperis AO 240 (Rev. 7/10) (INND Rev. 8/16).

For these reasons, the court:

(1) GRANTS Dwayne Doolin until **November 17, 2020**, to either pay the filing fee or file an *in forma pauperis* motion accompanied by his trust fund ledgers for the past six months and CAUTIONS him that, if he does not respond by the deadline, this case may be dismissed without further notice; and

(2) GRANTS Dwayne Doolin until **November 17, 2020**, to file one amended complaint in this case containing only related claims and CAUTIONS him that, if he does not respond by the deadline or if he files an amended complaint with unrelated claims, the court will select one group of related claims and dismiss the others without prejudice.

SO ORDERED.

October 21, 2020                                   *s/ Damon R. Leichty*
                                                               Judge, United States District Court

3