UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DWAYNE DOOLIN,

                    Plaintiff,

          v.                                        CAUSE NO. 3:20-CV-850-DRL-MGG

MS. ANTON *et al.*,

                    Defendants.

OPINION & ORDER

Dwayne Doolin, a prisoner without a lawyer, initiated this action by filing a complaint containing unrelated claims. He was granted an opportunity to amend his complaint to include only related claims. In response, he initially filed a motion (ECF 5) asking the court to select certain claims and screen them without him filing an amended complaint. Later, Mr. Doolin filed an amended complaint. ECF 7. His motion is consequently moot, and the amended complaint must be screened. *See Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling.")

"A document filed *pro se* is to be liberally construed, and  a  *pro se*  complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Still, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

In his amended complaint, Mr. Doolin alleges that he is incarcerated on a parole hold and that he should thus be treated like a pretrial detainee. *See Smith v. Sangamon Cty. Sheriff's Dept.*, 715 F.3d 188, 191 (7th Cir. 2013) (treating plaintiff as a pretrial detainee despite his parole hold). He further alleges that, as a pretrial detainee, he is not subject to the Indiana Department of Correction's Adult Code for Disciplinary Conduct. The defendants are four individuals who have each served as chairman of the Disciplinary Hearing Board and who each allegedly took away good time credits and placed him in segregation for disciplinary offenses. He asks the court to award monetary damages and issue an injunction directing the defendants to reset his release date for December 3, 2020.

As an initial matter, to the extent that Mr. Doolin is seeking an order directing that he be released from incarceration (or, as he phrases it, that his release date be reset to a date that his already passed), that relief is not available in a suit brought under 42 U.S.C. § 1983. "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement[.]" *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

As for damages, even if Mr. Doolin, who is incarcerated due to a parole hold, should be treated as a pretrial detainee, it does not follow, as he suggests, that he is beyond discipline. It is true that pretrial detainees may not be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). And, pretrial detainees are entitled to the procedural protections of *Wolff v. McDonnell*, 418 U.S. 539 (1974) before the imposition of punishment for a disciplinary infraction. Nevertheless, not every placement of a

pretrial detainee in segregation constitutes punishment, and the segregation of a pretrial detainee for legitimate security reasons – even without a hearing - does not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995). Mr. Doolin's complaint does not allege that he was deprived of the procedural protections mandated in *Wolff*. Rather, he asserts that he is wholly above discipline because of his status as a pretrial detainee. Mr. Doolin's assertion reflects a misunderstanding of the rights of a pretrial detainee, and his amended complaint does not state a claim.

Although it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). An amendment would be futile here given the plain dictates of the law.

Therefore, Mr. Doolin's motion (ECF 5) is DENIED and this case is DISMISSED pursuant to 28 U.S.C. § 1915A because it does not state a claim.

SO ORDERED.

December 8, 2020                          *s/ Damon R. Leichty*
                                         Judge, United States District Court

3